UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CLIFFORD WOODLAND, JR.,

                Plaintiff,

v.                                                    Case No. 25-cv-1342-pp

SCOTT DEISART, *et al.*,

                Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2), SCREENING COMPLAINT UNDER 28 U.S.C. §1915A AND DISMISSING CASE WITHOUT PREJUDICE**

---

      Plaintiff Clifford Woodland, Jr., who is incarcerated at New Lisbon Correctional Institution and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his constitutional rights. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and screens his complaint, dkt. no. 1.

**I.    Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

      The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On November 21, 2025, the court ordered the plaintiff to pay an initial partial filing fee of $8.04. Dkt. No. 11. The court received that fee on December 1, 2025. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay remainder of the filing fee over time in the manner explained at the end of this order.

**II.     Screening the Complaint**

    A.     <u>Federal Screening Standard</u>

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See <u>Cesal v. Moats</u>, 851 F.3d 714, 720 (7th Cir. 2017) (citing <u>Booker-El v. Superintendent, Ind. State Prison</u>, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atlantic Corp. v.</u>

2

Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court liberally construes complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B. The Plaintiff's Allegations

The plaintiff alleges that the defendants—Scott Deisart, Craig Brey, Caleb Saunders and Mirana Waivort—violated his due process rights because they did not provide him counsel or a preliminary hearing as required. Dkt. No. 1 at 2. The plaintiff states that he has had several initial appearances and made multiple requests for a lawyer. Id. He alleges that he did not waive his right to a preliminary hearing or the time limits for one. Id. The plaintiff states that he is suing the defendants under state law. Id. at 4. For relief, he says he would like for the defendants to stop violating his rights. Id. The plaintiff says that they

3

need to understand that he is missing out on his kid's life, and he wants them to pay for what they did to him. Id.

    C.    Analysis

The plaintiff alleges that the defendants violated his rights after he was confined in the Brown County Jail on December 22, 2024. Dkt. No. 1 at 2. He appears to be referencing events surrounding his criminal prosecution in State of Wisconsin v. Clifford Woodland, Jr., Brown County Case Number 2025CF22 (available at wcca.wicourts.gov). Online court records show that defendant Saunders is the prosecuting attorney in that case. See id. Saunders is entitled to absolute prosecutorial immunity for his role as prosecutor. See Olson v. Champaign County, Ill., 784 F.3d 1093, 1102 (7th Cir. 2015) (citing Buckley v. Fitzsimmons, 509 U.S. 259, 269 (1993); Burns v. Reed, 500 U.S. 478, 486 (1991)).

The plaintiff's criminal case is ongoing. The state court record contradicts the plaintiff's assertion in his complaint that he does not have a lawyer and that he did not waive his right to a preliminary hearing. The publicly available case docket shows that the plaintiff has a lawyer who recently filed a motion to withdraw, and that a status conference is scheduled for February 13, 2026. See wcca.wicourts.gov. The docket also shows that on April 1, 2025, the plaintiff and his lawyer waived the plaintiff's right to a preliminary hearing. Id. The plaintiff has not stated a claim for violation of his rights under federal law. Even if he had, this court could not consider the plaintiff's claims regarding alleged violations of his rights during his state criminal proceedings while those

4

Case 2:25-cv-01342-PP     Filed 01/21/26     Page 4 of 7     Document 16

proceedings are ongoing. See Gakuba v. O'Brien, 711 F.3d 751, 753 (7th Cir. 2013) (citing Younger v. Harris, 401 U.S. 37 (1971)). When the plaintiff's criminal proceedings have concluded, if he still believes that his rights were violated during those proceedings, he is free to appeal any conviction in state court, and then to pursue his remedies in federal court (such as filing a petition for *habeas corpus* under 28 U.S.C. §2254).

The court will dismiss this case without prejudice. The plaintiff has not stated a claim for violation of his rights under federal law and, even if he had, the claim would be premature because his state criminal case is ongoing.

### III.  Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE**. The court will enter judgment accordingly.

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$341.96** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the

transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the Warden of New Lisbon Correctional Institution, where the plaintiff is confined.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. See Federal Rules of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. R. App. P. 4(a)(5)(A).). If the plaintiff appeals, he will be liable for the $605 appellate filing fee regardless of the outcome of the appeal. If the plaintiff seeks to proceed on appeal without prepaying the appellate filing fee, he must file a motion *in this court.* See Fed. R. App. P. 24(a)(1). The plaintiff may be assessed a "strike" by the Court of Appeals if it concludes that his appeal has no merit. If the plaintiff accumulates three strikes, he will not be able to file a case in federal court (except a petition for *habeas corpus* relief) without prepaying the full filing fee unless he demonstrates that he is in imminent danger of serious physical injury. Id.

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Rule 59(e) must be filed within **28 days** of the entry of judgment. The court

6

cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2). Any motion under Rule 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 21st day of January, 2026.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**

7

Case 2:25-cv-01342-PP    Filed 01/21/26    Page 7 of 7    Document 16